**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VIONETTE T. JAMES,
             Appellant,

DOCKET NUMBER
PH-0752-25-0226-I-1

          v.

DEPARTMENT OF AGRICULTURE,
             Agency.

DATE:  July 13, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vionette T. James, Orlando, Florida, pro se.

Stephanie Curington, Esquire, and Dora Malykin, Esquire,
    Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant realleges that her retirement was involuntary due to the denial of her requested accommodation or a hostile work environment. Petition for Review (PFR) File, Tab 1 at 3-8, Tab 4 at 4-6. As the administrative judge found, at the time of the appellant's retirement the agency was actively conducting a search to identify a suitable position to which the appellant could be reassigned as an accommodation. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 6-8; IAF, Tab 9 at 45-49. Accordingly, we agree that the appellant did not make a nonfrivolous allegation that the agency's accommodation efforts rendered her retirement involuntary.[2] ID at 6-8.

Regarding the appellant's claim that she was forced to retire due to a hostile work environment, including a threatened removal, we agree with the administrative judge that the appellant's allegations did not reflect conditions so

---

[2] On review, the appellant submits documents that were included in the record below. PFR File, Tab 1 at 9-19; IAF, Tab 7 at 78-83, Tab 9 at 51, Tab 10 at 10-11. These documents are neither new nor material and thus do not establish a basis to disturb the initial decision. 5 C.F.R. § 1201.115. The fact that the administrative judge did not specifically mention each of the documents does not mean that she did not consider them in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

intolerable that she had no choice but to retire.[3] ID at 7-9. It is well settled that dissatisfaction with work assignments, a feeling of being unfairly criticized, and difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to retire. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Similarly, the agency's warning that a repeated incident of misconduct could lead to the appellant's removal, issued more than 4 months before the appellant's resignation, did not meaningfully bear on her decision to retire.[4] ID at 7; IAF, Tab 7 at 59-60, Tab 9 at 55; *see Axsom v. Department of Veterans Affairs,* 110 M.S.P.R. 605, ¶ 16 (2009) (finding that alleged incidents of harassment figured only tangentially in an appellant's decision to resign, if at all, when they preceded the decision to resign by several months).

In sum, we agree with the administrative judge that, because the appellant has not alleged facts that, if proven, would show that her retirement was involuntary, she has not made a nonfrivolous allegation of involuntariness. ID at 10. Accordingly, the administrative judge properly dismissed the appeal without holding the hearing requested by the appellant. *Id.*; *see SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 16 (2011) (stating that if an

[3] The administrative judge properly considered the appellant's discrimination claims only so far as they related to the issue of the involuntariness of her retirement. ID at 2-3; *see Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996).

[4] The appellant also argues that the administrative judge erred in refusing to allow the parties to engage in discovery when she granted the agency's motion to stay discovery until a determination had been made on the jurisdictional issue. PFR File, Tab 1 at 4, Tab 4 at 5-6; IAF, Tabs 3-4. However, the appellant has not explained what evidence she hoped to obtain through discovery that would have been relevant to the jurisdictional issue in this appeal. *See Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 21 n.6 (2008) (finding no error in the administrative judge's denial of a motion to compel when the party failed to explain how the evidence sought would have helped meet his burden in the appeal).

appellant makes a nonfrivolous allegation of involuntariness, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.